UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JESSICA W. GIBBS,                   )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 13-0378 (PLF)
                                    )
SALLY JEWELL, et al.,               )
  U.S. Secretary of the Interior,   )
                                    )
    Defendants.[1]                   )
_____ )


MEMORANDUM OPINION

       This matter is before the Court on several motions filed by the parties in this case.[2] Plaintiff Jessica Gibbs, proceeding *pro se*, alleges that she suffered various acts of retaliation after lodging complaints about her supervisor and others within the Department of the Interior ("DOI"), where Ms. Gibbs formerly was employed. See generally Compl. She further alleges that the DOI's Office of the Inspector General has retaliated against her and has violated

---

[1] The Court has substituted Secretary Sally Jewell in place of former Secretary Ken Salazar pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The papers reviewed in connection with the pending motions include the following: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendants' motion to dismiss ("Defs.' MTD") [Dkt. No. 16]; plaintiff's first opposition ("Pl.'s 1st Opp.") [Dkt. No. 21]; plaintiff's second opposition ("Pl.'s 2d Opp.") [Dkt. No. 24]; plaintiff's third opposition ("Pl.'s 3d Opp.") [Dkt. No. 26]; defendants' reply ("Defs.' Reply") [Dkt. No. 25]; plaintiff's motion for immediate summary judgment ("Pl.'s MSJ") [Dkt. No. 23]; plaintiff's motion to stay agency proceedings ("Pl.'s Mot. to Stay") [Dkt. No. 27]; defendants' opposition to plaintiff's motion to stay agency proceedings ("Defs.' Opp.") [Dkt. No. 28]; plaintiff's reply ("Pl.'s Reply") [Dkt. No. 29]; MSPB Initial Decision in DC-1221-11-0794-B-1 ("MSPB Initial Decision (Aug. 1, 2012)") [Dkt. No. 16-4]; MSPB Initial Decision in DC-1221-12-0725-W-1 ("MSPB Initial Decision (Nov. 28, 2012)") [Dkt. No. 16-5]; MSPB Final Order in DC-1221-12-0725-W-1 ("MSPB Final Order (Mar. 6, 2014)") [Dkt. No. 28-1]; and MSPB Final Order in DC-1221-11-0794-B-1 ("MSPB Final Order (Feb. 25, 2014)") [Dkt. No. 28-2].

her due process rights in the course of investigating her alleged misuse of an agency charge account. The government has moved to dismiss the action for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. Ms. Gibbs has filed a motion for summary judgment; she also has asked the Court to stay collection proceedings against her that are ongoing within the DOI's administrative system. After careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will dismiss the action. Accordingly, it will deny the plaintiff's two motions.

I. BACKGROUND

The plaintiff's action stems from her former employment at the U.S. Geological Survey, an agency within the Department of the Interior. See generally Compl. Ms. Gibbs alleges that she reported complaints regarding two workplace incidents and then suffered various forms of retaliation as a consequence. The first alleged incident involved a co-worker's "coercing" Ms. Gibbs to place a phone call to the supervisor of the co-worker's niece, also an agency employee, for the purpose of procuring increased tuition compensation benefits for the niece. Id. at 2-3. Ms. Gibbs states that after being forced to make this call, she reported the incident up her "chain of command." Id. at 3. In the second episode, Ms. Gibbs' supervisor, Leslie Jones, allegedly asked her to sign and backdate a document, which Ms. Gibbs refused to do. Id. at 1-3. Ms. Gibbs states that she complained to a number of authorities about this incident, including DOI's human resources office, its Office of the Inspector General ("OIG"), its Office of Equal Employment Opportunity ("EEO"), and her congressional representatives. See id. She contends that as a consequence of these reports, Ms. Jones retaliated against her by withdrawing her purchase card authority, changing her work duties, "reconstructing [her] performance plan," filing complaints against Ms. Gibbs with OIG and human resources, and

publicly humiliating and harassing her.  Id. at 1.  In addition, Ms. Gibbs alleges that Ms. Jones forced her to lift and move several boxes, despites Jones' awareness that the plaintiff suffered from back trouble.  Id. at 3-5.  Ms. Gibbs subsequently sought medical attention, and she alleges that Jones thwarted her ability to receive workers' compensation for the injury.  Id.

Linked to both of these incidents was a DOI program that permitted employees to pursue college coursework at agency expense.  Ms. Gibbs had taken advantage of this benefit and she states that, for three years, Ms. Jones had attentively advised her in these educational pursuits.  See Compl. at 1-2, 6-7.  But, it seems, Jones failed to ensure that Gibbs had submitted necessary paperwork during those years, leading Jones to ask Gibbs to sign and backdate the document.  See id. at 2-3.  The incident involving the coerced phone call also related to the educational benefits program, as the co-worker sought Ms. Gibbs' assistance in procuring a higher level of benefits for her niece.  Id.  The upshot of these events was that, in addition to the alleged retaliation that the plaintiff suffered at the hands of Ms. Jones, the OIG began investigating Ms. Gibbs in relation to costs that she had charged to the agency.  See id. at 3, 5-6. It appears that this investigation has led to the agency's pursuit of repayment from Ms. Gibbs in internal collection proceedings.  See id. at 2, 6-7.  As previously noted, Ms. Gibbs has moved this Court to stay these proceedings; she reports that the next scheduled hearing before DOI's Office of Hearings and Appeals will take place on April 22, 2014.  Pl.'s Mot. to Stay at 1.

The final component of Ms. Gibbs' complaint relates to the OIG's conduct during its investigation of her.  Ms. Gibbs alleges that the OIG itself retaliated against her after she contacted Senator Mark Warner in relation to these events.  See Compl. at 5-7.  Specifically, she asserts that OIG agents have mistreated her and have refused to consider evidence that she has sought to submit, thus denying her a "meaningful opportunity to be heard."  See id.

3

Ms. Gibbs' complaint, for all of the various facts that are alleged, neglects to specify what form of relief she seeks. In addition, Ms. Gibbs alludes to ongoing proceedings before the Merit Systems Protection Board ("MSPB"), but does not detail their nature or history. See Compl. at 7-8. The government, however, has provided the Court with several decisions issued by the MSPB arising from Ms. Gibbs' claims before that body. See MSPB Final Order (Mar. 6, 2014); MSPB Final Order (Feb. 25, 2014); MSPB Initial Decision (Nov. 28, 2012); MSPB Initial Decision (Aug. 1, 2012).[3] These materials reveal that the plaintiff has pursued through the administrative process claims based on the same allegations presented in her complaint to this Court. The government argues that this Court therefore lacks jurisdiction over the subject matter of Ms. Gibbs' action because her claims, arising as they did in the federal workplace, fall within the exclusive confines of the procedures prescribed by federal statute, including resort to the MSPB. Defs.' MTD at 4-6. If Ms. Gibbs is to reach federal court at all, the government argues, she may do so only by appeal from a final decision of the MSPB to the United States Court of Appeals for the Federal Circuit. See id. at 4.

II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained either in the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Tabman v. FBI, 718 F. Supp. 2d 98, 100 (D.D.C. 2010). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Tabman v. FBI, 718 F. Supp. 2d at 100; Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68,

---

[3] These decisions are the proper object of judicial notice, see Koch v. White, 967 F. Supp. 2d 326, 331 (D.D.C. 2013), and Ms. Gibbs has not disputed their authenticity.

72 (D.D.C. 2004). In determining whether to grant such a motion, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). But the Court need not accept unsupported inferences or legal conclusions cast as factual allegations. See Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003). The Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

In addition, in this case the Court is mindful that the plaintiff is proceeding *pro se*, and therefore her complaint is to be "held to a less stringent standard than complaints drafted by attorneys." Dorsey v. American Express Co., 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

### III. DISCUSSION

*A. The Law Governing Federal Personnel Claims*

Federal statutory law comprehensively regulates employment relations between the United States government and its employees. Congress in 1978 passed the Civil Service Reform Act ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the U.S. Code), a "leading purpose" of which was "to replace the haphazard arrangements for administrative and judicial review of personnel action" in the outdated civil service system. United States v. Fausto, 484 U.S. 439, 444 (1988). "The CSRA protects covered federal employees against a broad range of personnel practices, and it supplies a variety of causes of action and remedies to employees when their rights under the statute are violated."

5

Grosdidier v. Chairman, Broadcasting Board of Governors, 560 F.3d 495, 497 (D.C. Cir. 2009). This scheme "is comprehensive and exclusive." Id. "It constitutes *the* remedial regime for federal employment and personnel complaints." Nyunt v. Chairman, Board of Governors, 589 F.3d 445, 448 (D.C. Cir. 2009) (emphasis in original). Moreover, where the CSRA fails to provide a remedy for a claim brought by a federal employee, the claim generally is not actionable in any forum. See Fornaro v. James, 416 F.3d 63, 66-67 (D.C. Cir. 2005); Graham v. Ashcroft, 358 F.3d 931, 933-36 (D.C. Cir. 2004).

In 1989, Congress amended the law pertaining to whistleblowing by federal employees by enacting the Whistleblower Protection Act ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (codified as amended in scattered sections of Title 5 of the U.S. Code). Under its provisions, a federal employee raising whistleblower claims generally must first complain to the Office of Special Counsel ("OSC"). 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5(a). If the OSC either terminates its investigation of a claim or fails to notify the claimant whether it intends to seek corrective action, the claimant may then pursue an individual right of action before the MSPB. 5 U.S.C. § 1214(a)(3). A final decision of the MSPB is appealable to the Federal Circuit, 5 U.S.C. § 7703(b)(1)(A), although certain whistleblower claims may also be appealed to any court of appeals. 5 U.S.C. § 7703(b)(1)(B). In any event, "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002); see also Weber v. United States, 209 F.3d 756, 757-58 (D.C. Cir. 2000) (describing procedures for bringing whistleblower claims); Carson v. U.S. Office of Special Counsel, 514 F. Supp. 2d 54, 56-57 (D.D.C. 2007) (same).

Although federal employees generally are barred from bringing workplace-related claims to federal district court, the CSRA specifically "preserves the rights of employees to bring suit under Title VII and other federal anti-discrimination laws." Mahoney v. Donovan, 721 F.3d 633, 635 n.4 (D.C. Cir. 2013) (citing 5 U.S.C. § 2302(d)). Federal employees may, of course, bring these claims to district court after exhausting the requisite EEO procedures, but they also may elect to pursue their discrimination-based claims before the MSPB. See 5 U.S.C. § 7702. These "mixed cases" involve "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999). Upon a final decision from the MSPB on an employee's mixed case appeal, judicial review may then be obtained in the district court. Vickers v. Powell, 493 F.3d 186, 192 (D.C. Cir. 2007) (citing 5 U.S.C. § 7703(b)(2)).

*B. Analysis*

The government contends that the Court lacks jurisdiction over this matter because Ms. Gibbs' complaint is predicated on alleged harms that she suffered in the context of her federal employment, see Defs.' MTD at 5-6, and it further argues that Ms. Gibbs' complaint does not fall within the exception for discrimination-based claims because she alleges no discriminatory conduct on the part of the defendants. Id. at 4; Defs.' Reply at 3. The government also emphasizes that Ms. Gibbs has pursued these precise claims in actions before the MSPB, and therefore maintains that Ms. Gibbs' sole option for further relief would lie in an appeal to the Federal Circuit. Defs.' MTD at 4-5; Defs.' Reply at 3-4.

Ms. Gibbs appears to contend that she has, in fact, alleged claims of discrimination.[4] In her memoranda opposing the government's motion to dismiss, Ms. Gibbs alludes to having filed an EEO complaint prior to her initiation of MSPB proceedings, see Pl.'s 2d Opp. at 3-4, Pl.'s 3d Opp. at 1-2, and she argues that "the fact that EEOC accepted [her] discrimination claims shows the EEOC found that at least on prima facie the claims are discriminatory." Pl.'s 3d Opp. at 1-2.[5] But Ms. Gibbs never specifies the grounds on which her purported claims of discrimination were based and, in fact, her complaint in this action seems to indicate that she simply reported to DOI's EEO office the same non-discriminatory incident that she also reported to a variety of other authorities — namely, Ms. Jones' attempt to obtain her signature on a backdated document. See Compl. at 1. In one of her memoranda, Ms. Gibbs references the concept of a mixed case, but again, she does not argue that discrimination played any role in the course of events at issue here. See Pl.'s 2d Opp. at 3-4. The gravamen of Ms. Gibbs' complaint surely is its narrative of whistleblowing and subsequent retaliation against her by her supervisor and by the OIG. Moreover, Ms. Gibbs appears to have litigated her claims as whistleblower claims — not as mixed claims — throughout the course of her proceedings before

---

[4] Ms. Gibbs also protests the fact that the government failed to serve her with its motion to dismiss. Indeed, the government's motion did not include a certificate of service, and it appears that the motion was not transmitted by the government to Ms. Gibbs until nearly two months after the motion had been filed. See Defs.' Reply at 1-2. The Court admonishes the government for its failure and emphasizes the importance of timely service when litigating against a *pro se* plaintiff who lacks access to the ECF system. In this case, however, no prejudice ensued because Ms. Gibbs ultimately did receive the government's filing and had an opportunity to respond.

[5] Plaintiff's third opposition to the defendants' motion to dismiss was filed after the government already had filed its reply. Ordinarily, the Court would not consider such a filing — indeed, the Court usually would not consider a second opposition brief, let alone a third. But due to the difficulty posed by the plaintiff's at times inscrutable presentation of her claims and arguments, the Court has found it useful to consult all of Ms. Gibbs' various submissions.

the MSPB.  See MSPB Final Order (Mar. 6, 2014); MSPB Final Order (Feb. 25, 2014); MSPB Initial Decision (Nov. 28, 2012); MSPB Initial Decision (Aug. 1, 2012).

Ms. Gibbs' whistleblower claims have culminated in two final decisions issued by the MSPB, which, at this time, remain appealable to the Federal Circuit.  See MSPB Final Order (Mar. 6, 2014), at 5-6 (informing Ms. Gibbs of her right to appeal to the Federal Circuit and providing time limit within which any appeal must be filed); MSPB Final Order (Feb. 25, 2014), at 6-7 (same).  To the extent that Ms. Gibbs seeks to bring her whistleblower claims afresh in this Court, therefore, her effort is misguided.  As the D.C. Circuit has unequivocally stated, "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."  Stella v. Mineta, 284 F.3d at 142.  Nor could this Court exercise appellate jurisdiction over the decisions of the MSPB.  See 5 U.S.C. § 7703(b).  If Ms. Gibbs wishes to further pursue these claims, she must heed the notices provided to her by the MSPB regarding her right to appeal to the Federal Circuit.

Ms. Gibbs' effort to cast as due process violations her allegations that the OIG retaliated against her by refusing to accept evidence supporting her side of the story, see Compl. at 6-7, do not alter this conclusion.  See Elgin v. Dep't of the Treasury, 132 S. Ct. 2126, 2133-36 (2012) (holding that where federal employees challenge adverse employment actions on constitutional grounds, the sole avenue for judicial review lies in an MSPB appeal followed by review in the Federal Circuit); Bush v. Lucas, 462 U.S. 367, 380-90 (1983) (declining to fashion Bivens remedy for federal employee's allegations that First Amendment rights were violated by superiors).  The Court also must deny Ms. Gibbs' motion for a stay of the collection proceedings against her that are ongoing before the DOI's Office of Hearings and Appeals.  See generally Pl.'s Mot. to Stay; Pl.'s Reply.  Without resolving where Ms. Gibbs' ultimate right of appeal

9

might lie from any adverse action taken against her in those proceedings, it is clear that she has yet to be subjected to any final agency action and, therefore, any challenge to the fairness of the process to which she is now a party is premature. See <u>Thermal Ecology Must Be Preserved v. Atomic Energy Comm'n</u>, 433 F.2d 524 (D.C. Cir. 1970) (per curiam) (declining to intervene in ongoing agency proceedings where no final order had been issued); <u>Connor-Stokes v. Ishimaru</u>, No. 09-0786, 2010 WL 1687952, at *1 (D.D.C. Apr. 27, 2010) (same).

For these reasons, this Court lacks jurisdiction over Ms. Gibbs' whistleblower claims; her sole remaining recourse lies in filing appeals to the Federal Circuit from the final decisions already issued by the MSPB, in accordance with the instructions provided to her in those decisions. And the Court also must deny Ms. Gibbs' challenge to the collection proceedings against her that are ongoing before DOI's Office of Hearings and Appeals. Consequently, the government's motion to dismiss must be granted and Ms. Gibbs' motions for summary judgment and for a stay of agency proceedings must be denied. An appropriate Order accompanies this Memorandum Opinion.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 21, 2014

10